ORDERED.

**Dated:  August 11, 2017**

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No.: 3: 17-bk-241-JAF

LISA P. THOMPSON,                                         Chapter 13

      Debtor.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon the Motion to Dismiss Chapter 13 Case as a "Bad Faith" Filing filed by Kenneth N. Markham and Sonja A. Markham (Doc. 11), States Resources Corp.'s Joinder in Markhams' Motion to Dismiss Chapter 13 Case as a "Bad Faith" Filing (Doc. 20), and the Motion to Dismiss for Failure to Provide Information filed by Douglas W. Neway, the Chapter 13 Trustee (Doc. 38).  The Court conducted a trial on the Motions to Dismiss on May 25, 2017 and elected to take the matters under advisement.  The Court makes the following Findings of Fact and Conclusions of Law.

**Findings of Fact**

Debtor's protracted bankruptcy saga, the genesis of which was state court litigation with State Resources Corp. ("State Resources"), began on June 28, 2011, when she filed the first of five bankruptcy cases. Debtor was represented by counsel in her first and second bankruptcy cases. Debtor represented herself in her third, fourth, and now fifth bankruptcy cases.

Debtor previously owned seven parcels of real property in Lake City (Columbia County), Florida. On March 5, 2012, in Case No. 09-2292-CA in the Marion County Circuit Court, State Resources was awarded a Final Judgment against Debtor in the amount of $122,804.06 plus interest. (Creditor's Ex. 3). On November 26, 2012, State Resources acquired title by Sheriff's Deed to four of the parcels, which respectively bear the following parcel numbers: Parcel Number R12766-000, Parcel Number R14125-000, Parcel Number R14127-000, and Parcel Number R14121-000. (Creditor's Ex. 4). Thereafter, Debtor filed a Motion for Relief from Execution and Levy and Amended Motion for Relief from Execution and Levy in the Marion County Circuit Court. On June 23, 2014, the Marion County Circuit Court entered an order dismissing State Resources' Complaint with prejudice (the "Circuit Court Dismissal Order"). (Debtor's Ex. 5). On July 3, 2014, the Marion County Circuit Court entered an order vacating the Circuit Court Dismissal Order (the "Order Correcting Clerical Error"), correcting the Circuit Court Dismissal Order to read "[t]he [Debtor]'s Motion for Relief and Execution from Levy and Amended Motion for Relief and Execution from Levy are hereby dismissed with prejudice." The Order Correcting Clerical Error also provided that the March 5, 2012 Final Judgment in favor of State Resources and against Debtor "stands."

On February 16, 2015, Debtor filed a motion to set aside the Order Correcting Clerical Error, which the Marion County Circuit Court denied by order dated February 19, 2015 (the "Order Denying Motion to Set Aside Order Correcting Clerical Error"). The Order Denying Motion to Set Aside Order Correcting Clerical Error provided that the Order Correcting Clerical Error "stands."  It also stated: "[a]s the matters before this Court have been concluded, the Clerk of Court is hereby directed to close this file."

Debtor appealed the Order Denying Motion to Set Aside Order Correcting Clerical Error to the Florida Fifth District Court of Appeal, which affirmed the Order. (Creditor's Ex. 6).  Debtor then sought review in the Supreme Court of Florida, which dismissed the petition by order dated October 26, 2015 on the basis that it lacked jurisdiction.  (Creditor's Ex. 7).  The Florida Supreme Court noted that it would not entertain a motion for rehearing or reinstatement.  (Id.)  The Court finds that the Marion County Circuit Court's orders are final and not subject to review.  Debtor concedes that the orders are final but contends that "[they] [are] a reflection of incredible bad faith and multiple violations of federal law."

A fifth parcel of property previously owned by Debtor, located at 767 S. Alachua Street, Lake City, FL, 32025 ("Parcel 5"), was sold at a tax deed sale in August, 2013 and acquired by Kenneth and Sonja Markham (the "Markhams") in September, 2013.  In January, 2014, the Markhams filed a quiet title action in the Columbia County Circuit Court as to Parcel 5.  On April 1, 2016, following a day long trial, the Columbia County Circuit Court entered a Final Judgment which found that the Markhams are the owners of Parcel 5.  The Final Judgment also found that Debtor has no estate, right, title or interest

in Parcel 5 and is forever enjoined from claiming such an interest. On May 2, 2016, Debtor appealed the Final Judgment to the Florida First District Court of Appeal.

According to counsel for State Resources, State Resources has a mortgage on the two remaining parcels of real property which Debtor owns in Columbia County.

On December 16, 2016, Debtor filed her fourth bankruptcy case. Debtor listed on her Schedule A the four parcels of property, which State Resources acquired by Sheriff's Deed and in which she has no ownership interest, as property in which she has an interest. On January 5, 2017, the Court dismissed the fourth case because Debtor failed to file a number of required documents.

On January 24, 2017, Debtor filed her fifth bankruptcy case (the "Instant Case"). On Schedule A of the Instant Case Debtor listed property located at 123 S. Tucker Street, Lake City, FL 32025 and property located at 767 S. Alachua Street, Lake City, FL, 32025, as property in which she has an interest. The property located at 123 S. Tucker Street is one of the four parcels acquired by State Resources by Sheriff's Deed on November 26, 2012 (Parcel Number R12766-000). The property located at 767 S. Alachua Street is Parcel 5, which was sold at a tax deed sale and later acquired by the Markhams. On Schedule D of the Instant Case Debtor indicated that: 1) State Resources has a $187,000.00 claim which is secured by "6 Lake City Properties" valued at $985,000.00; and 2) the Markhams have a $6,977.32 claim on property located at 767 S. Alachua St. valued at $250,000.00.

On January 26, 2017, the Court entered Third Amended Order Prescribing Procedures for Chapter 13 Cases (the "Chapter 13 Order"). The Chapter 13 Order required Debtor to file a Chapter 13 plan within 14 days of the petition date using the

Model Chapter 13 Plan available on the Trustee's and the Court's website and required Debtor to provide certain tax returns to the Chapter 13 Trustee. On February 7, 2017, Debtor filed a Chapter 13 Plan (the "First Chapter 13 Plan"). On that same day Debtor filed Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3) (the "Motion to Extend"). On February 21, 2017, the Court conducted a hearing on the Motion to Extend. The Markhams, via counsel, were the only creditors to appear at the hearing. Based upon the evidence before it at that time, the Court granted the Motion to Extend and entered Order Granting the [Motion to Extend]. The Order Granting the Motion to Extend provided that "the Automatic Stay is extended to all creditors pursuant to section 362(c)(3)(B) of the Bankruptcy Code except as to [the Markhams] in order to pursue their appeal and until the judgment becomes final and [non]-appealable." The Order Granting the Motion to Extend also directed Debtor to file "an amended statement of income and appropriate amended schedules within 21 days of the date of this order to reflect additional income received in tax year 2016 and current income."

On February 15, 2017, the Trustee filed a motion to strike the First Chapter 13 plan because it did not conform to the Model Chapter 13 Plan. By Order dated February 15, 2017, the Court struck the First Chapter 13 plan and gave Debtor 15 days from the date of the Order to file a plan that complied with the Chapter 13 Order. On February 28, 2017, Debtor filed a second Chapter 13 Plan (the "Second Chapter 13 Plan"). The Second Chapter 13 Plan was virtually identical to the First Chapter 13 Plan, did not conform to the Model Chapter 13 Plan, and was not signed by Debtor. By Order dated March 2, 2017, the Court struck the Second Chapter 13 Plan because it was not signed. On March 13, 2017, Debtor filed a third Chapter 13 Plan (the "Third Chapter 13 Plan").

The Third Chapter 13 Plan was virtually identical to the First and Second Chapter 13 Plans and did not conform to the Model Chapter 13 Plan.  On March 20, 2017, the Trustee filed a motion to strike the Third Chapter 13 plan because it did not conform to the Model Chapter 13 Plan, which the Court granted by Order entered that same day. The order striking the Third Chapter 13 Plan gave Debtor 15 days from the date of the Order to file a plan that complied with the Chapter 13 Order.  On May 25, 2017, the date of the hearing on the Motions to Dismiss and more than two months after the Court struck the Third Chapter 13 Plan, Debtor filed a fourth Chapter 13 Plan (the "Fourth Chapter 13 Plan").  Debtor's excuse for filing the Fourth Chapter 13 Plan almost two months after the deadline set by the Court was that she was required to sign the plan in the presence of a clerk of the Court in Jacksonville, Florida.  Debtor, a veterinarian who lives in Ocala, testified that because she works long hours, she could not take time off to drive to and from Jacksonville to sign and file a plan.

In addition to the foregoing deficiencies, the Trustee seeks dismissal of the case on the basis that, as of the date of the hearing, which was four months after the filing of the case, Debtor had not provided: 1) pay stubs or advices for the six month period preceding the petition date; 2) her personal and corporate tax returns for 2015; 3) her complete 2014 tax return; and 4) a profit and loss statement for the period beginning in 2016 and continuing through the date of the hearing.

The Fourth Chapter 13 Plan indicates that State Resources is owed $194,330.42 and has a claim secured by the four parcels which it acquired by Sheriff's Deed on November 26, 2012.  Debtor intends to retain all of the properties and to pay State Resources $3,667.25 per month for sixty months.  The Fourth Chapter 13 Plan also

6

indicates that the Markhams have a claim secured by Parcel 5.  Debtor intends to retain

Parcel 5 and to pay the Markhams $129.88 per month for sixty months.

On June 21, 2017, the First District Court of Appeal entered an order affirming

per curiam the Final Judgment as to Parcel 5.  The Final Judgment is a final order.[1]

## Conclusions of Law

Section 1307(c) of the Bankruptcy Code provides that a bankruptcy court may

dismiss a case for "cause" and provides a non-exhaustive list of causes, including

"unreasonable delay by the debtor that is prejudicial to creditors[.]"  11 U.S.C. § 1307.

"While good faith is not specifically denominated therein, it is implicit to the concept."

In re Graffy, 216 B.R. 888, 891 (Bankr. M.D. Fla. 1998).  The determination of whether a

debtor filed a Chapter 13 case in good faith includes consideration of the following

factors: the nature of the debt, including whether the debt would be nondischargeable in

Chapter 7; the timing of the petition; how the debt arose and the debtor's motive in filing

the bankruptcy petition; how the debtor's actions affected creditors; the debtor's

treatment of creditors both before and after the petition was filed; and whether the debtor

has been forthcoming with the bankruptcy court and creditors.  Id.

Upon a review of the totality of the circumstances, the Court finds that Debtor

filed the Instant Case not in a sincere attempt to pay her creditors but primarily to

frustrate the efforts of State Resources and the Markhams.  Despite knowing that the

Marion County Circuit Court orders as to the four parcels are final and no longer subject

to review, Debtor filed this case in an attempt to unwind those orders because she

believes "[they] [are] a reflection of incredible bad faith and multiple violations of federal

---

[1] The Florida Supreme Court lacks jurisdiction to review the June 21, 2017 per curiam decision of the First District court of Appeal.  See Jackson v. State, 926 So. 2d 1262, 1265 (Fla. 2006).

law." Debtor also sought to prolong the litigation with the Markhams. Pursuant to the Rooker Feldman doctrine, this Court does not have jurisdiction to review the Marion County Circuit Court's Orders as to the four parcels or the Columbia County Circuit Court Final Judgment as to Parcel 5.[2]   The four parcels, which were acquired by State Resources by Sheriff's Deed on November 26, 2012, and Parcel 5, which was sold at a tax deed sale and later acquired by the Markhams, are not property of Debtor or Debtor's bankruptcy estate and are not protected by the automatic stay.

Additionally, Debtor has failed to comply with virtually all of the Court's directives in this case. Despite the directive in the Chapter 13 Order requiring Debtor to use the Model Chapter 13 Plan, Debtor's First, Second, and Third Chapter 13 Plans did not conform to the Model Chapter 13 Plan. Additionally, the Fourth Chapter 13 Plan was filed almost two months after the deadline set by the Court. Debtor's explanation that she failed to timely file the Fourth Chapter 13 Plan because she was required to sign the plan in the presence of a clerk of the Court is disingenuous. There is no requirement that a Chapter 13 plan be signed in the presence of a clerk. Finally, Debtor failed to provide the Trustee with: 1) pay stubs or advices for the six month period preceding the petition date;

---

[2]"The Rooker Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983)). According to the Rooker-Feldman doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (quoting Feldman, 460 U.S. at 482). The doctrine applies when: "(1) the party in federal court is the same as the party in state court; (2) the prior state-court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state-court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment." Morris v. Wroble, 206 Fed. App'x 915, 918 (11th Cir. 2006). "[A] federal claim is inextricably intertwined with [a] state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).

2) her personal and corporate tax returns for 2015; 3) her complete 2014 tax return; and 4) a profit and loss statement for the period beginning in 2016 and continuing through the date of the hearing.

When a debtor files a Chapter 13 bankruptcy petition, the Chapter 13 case should be of the highest priority and utmost importance.  The Court recognizes that Debtor has a demanding job.  Notwithstanding that, Debtor has repeatedly failed to attend to her Chapter 13 case and its concomitant duties and has failed to comply with the Court's directives.  Debtor's failures evidence a cavalier attitude toward her case, her creditors, and the Court.  The Court finds that the case was not filed in good faith and will dismiss it.

The Court will not prohibit Debtor from filing another Chapter 13 petition but the dismissal order will confirm that Debtor has no interest in Parcel Number R12766-000, Parcel Number R14125-000, Parcel Number R14127-000, or Parcel Number R14121-000, which were acquired by State Resources Corp. by Sheriff's Deed on November 26, 2012.  The order will also confirm that Debtor has no interest in Parcel 5, located at 767 S. Alachua Street, Lake City, FL, 32025 and that any future bankruptcy filing as to any of the foregoing properties shall not act as a stay as to those properties.  The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

The Clerk's Office will serve a copy of this Order upon interested parties.